389 So.2d 1251 (1980)
Alfonso HERNANDEZ, Appellant,
v.
MIKE CRUZ Machine Shop, Appellee.
No. SS-174.
District Court of Appeal of Florida, First District.
November 17, 1980.
*1252 Alexander M. Weinberg of Ser, DeCardenas, Levine, Busch & Allen, Miami, for appellant.
Frank X. Gliozzo, Coral Gables, for appellee.
THOMPSON, Judge.
The appellant challenges a worker's compensation Order, contending in part that the Deputy Commissioner ("the Deputy") lacked subject matter jurisdiction to enter that Order. We agree and reverse.
On August 14, 1978, the claimant was injured while he was disassembling a ship's engine on board the "Rio Chagres," which was docked on a navigable waterway in front of Biscayne Boulevard. A claim was filed on September 1, 1978, and a hearing was held on July 5, 1979. On October 3, 1979, the claimant moved to withdraw his claim until a determination could be made as to whether jurisdiction herein was within the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901 et seq. On October 8, 1979, the Deputy entered his Order, finding inter alia that he had subject matter jurisdiction herein.
Section 440.09(2), Fla. Stat., provides that "[n]o compensation shall be payable in respect of the disability or death of any employee covered by ... the Longshoremen's and Harbor Worker's Compensation Act [`The Act']... ." See also City of Plantation v. Roberts, 342 So.2d 69, 70-71 (Fla. 1976). In this case, the claimant's disability is covered by the Act.
Title 33 U.S.C. § 903(a) provides in part that
Compensation shall be payable under this chapter in respect of disability or death of an employee, but only if the disability or death results from an injury occurring upon the navigable waters of the United States (including any adjoining pier, wharf, dry dock, terminal, building way, marine railway, or other adjoining area customarily used by an employer in loading, unloading, repairing, or building a vessel).
Title 33 U.S.C. § 902(3) states that
The term "employee" means any person engaged in maritime employment, including any longshoreman or other person engaged in longshoring operations, and any harborworker including a ship repairman, shipbuilder and shipbreaker, but such term does not include a master or member of a crew of any vessel, or any person engaged by the master to load or unload or repair any small vessel under eighteen tons net.
Read in conjunction, these statutes provide a two-pronged test for compensation: the "situs" of the injury must occur upon navigable waters (including any adjoining pier, etc.), and the "status" of the injured person must be maritime in nature. See Northeast Marine Terminal Co. v. Caputo, 432 U.S. 249, 264-65, 97 S.Ct. 2348, 2357-58, 53 L.Ed.2d 320 (1977).
In the case at bar, the injury occurred upon navigable waters; i.e., the waterway in front of Biscayne Boulevard. Additionally, the claimant was engaged in maritime employment; i.e., the activity of disassembling a ship's engine so that it could be repaired. As pointed out in Jacksonville Shipyards, Inc. v. Perdue, 539 F.2d 533, 539-40 (5th Cir.1976), under the Act, "an injured worker is a covered `employee' if at the time of his injury (a) he was performing the work of ... repairing ... or breaking a vessel, or (b) although he was not actually carrying out these specified functions, he was `directly involved' in such work." Finally, we note that the claimant was not a member of the vessel's "crew," since that term applies only to those who are naturally and primarily on board a vessel to aid in her navigation. "Crew" also signifies a permanent attachment to a vessel. See Norton v. Warner Co., 321 U.S. 565, 571-73, 64 S.Ct. 747, 750-51, 88 L.Ed. *1253 931 (1944). These elements are lacking herein. Thus, the claimant is an "employee" under the Act, and the disability at issue is within the coverage of the Longshoremen's and Harbor Workers' Compensation Act. Accordingly, the Deputy had no jurisdiction to enter his Order, and that Order is reversed.
MILLS, C.J., and McCORD, J., concur.