The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Mark Aaron MEEKER, Defendant-Appellant.

No. 81CA0655.

Colorado Court of Appeals, Div. I.

Dec. 23, 1982.

Rehearing Denied Feb. 3, 1983.

Robert R. Gallagher, Jr., Dist. Atty., Catherine P. Richardson, Deputy Dist. Atty., Littleton, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Michael Heher, Deputy State Public Defender, Denver, for defendant-appellant.

COYTE, Judge.

Defendant, Mark Aaron Meeker, appeals his conviction of two counts of sale of a dangerous drug and three counts of possession of a dangerous drug with intent to sell. We reverse.

Counts 1 through 6 of the seven count information filed against defendant Meeker charged him with the sale of, and possession with intent to sell, dangerous drugs on three different occasions. The dangerous drug involved in each of these six counts was marijuana. At the conclusion of the prosecution's case, defendant moved for a judgment of acquittal on the basis of *People v. Anzures,* 42 Colo.App. 230, 599 P.2d 921 (1979), arguing that the prosecution had failed to present a prima facie case because there was no evidence that the substances involved in counts 1 through 6 were derived from the mature stalks of the marijuana plant.

After conducting an *in camera* hearing, which hearing was not transcribed, the trial court stated its conclusion that the motion was meritorious and "should be granted." The court also indicated that it intended to allow the prosecution to reopen its case over the objection of defense counsel. However, before any further evidence was taken the court stated, "I understand the rule provides the Court cannot reserve ruling. I will grant the motion but with the understanding that the prosecutor will be allowed to reopen his case to recall the expert witness."

The court then allowed the prosecution to present evidence that the substances involved were in fact the mature stalks of the marijuana plant. At the conclusion of that evidence, the defendant again moved for a judgment of acquittal and argued that to allow the prosecution to proceed after hav-ing granted the motion for judgment of acquittal was a violation of the prohibition against double jeopardy. The motion was denied and the jury ultimately convicted the defendant of five of the six counts. The jury failed to return a verdict as to the seventh count and it was dismissed.

Defendant argues that by granting the motion for judgment of acquittal and then allowing the prosecution to reopen the case, he was denied his rights under the double jeopardy clause of the Fifth Amendment and Colo. Const. Art. II, Sec. 18. We agree.

In *People v. Paulsen,* 198 Colo. 458, 601 P.2d 634 (1979), the Supreme Court set out the law with respect to the inter-relationship of the state double jeopardy clause and a judgment of acquittal. The court stated as follows:

"Jeopardy attaches when the defendant is 'present at a judicial proceeding aimed at reaching a final determination of his guilt or innocence.' *People v. King,* 181 Colo. 439, 445, 510 P.2d 333, 336 (1973). When jeopardy has thus attached and a judgment of acquittal has been granted at the defendant's request following the close of the prosecution's case, the defendant cannot be tried again on the same charge."

The rule of law is the same under the double jeopardy clause of the United States Constitution. *See Fong Foo v. U.S.,* 369 U.S. 141, 82 S.Ct. 671, 7 L.Ed.2d 629 (1962); *U.S. v. Martin Linen Supply Co.,* 430 U.S. 564, 97 S.Ct. 1349, 51 L.Ed.2d 642 (1977).

In this case jeopardy had clearly attached. When the court made its oral statement granting the motion for judgment of acquittal that was a final judgment, and any further proceedings were a violation of the prohibition against double jeopardy.

Judgment reversed.

BERMAN and STERNBERG, JJ., concur.