PER CURIAM.
We determine that it would constitute double jeopardy to now try petitioner on the charge of armed robbery of a watch and wallet after petitioner had been charged with grand theft of a motor vehicle, and possession of a stolen motor vehicle. He was convicted on possession of a stolen motor vehicle. We base this upon the fact that the motor vehicle in question and the watch and wallet were all stolen at the same time, from the same victim, at the same place, and under the same circumstances with the same intent. This was a single offense which cannot be divided so as to obtain multiple convictions. McClendon v. State, 372 So.2d 1161 (Fla. 1st DCA 1979); Castleberry v. State, 402 So.2d 1231 (Fla. 5th DCA 1981); Sanford v. State, 75 Fla. 393, 78 So. 340 (1918).
Respondent should be prohibited from trying petitioner on the charge of armed robbery, as alleged in the Information contained in Case No. 81-10552, now pending in the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida.
The issuance of any formal writ is withheld. We assume the trial judge will comply with this decision.
It is so ordered.
ANSTEAD, C.J., and DELL and WALDEN, JJ., concur.