PARKER, Judge.
Michael Watson appeals his conviction for armed burglary based upon the grounds of double jeopardy. We are compelled to reverse this conviction and direct Watson’s discharge on this charge because of trial court error.
The state charged Watson with first-degree murder, armed burglary, aggravated battery, attempted murder, and shooting within an occupied dwelling. The jury returned verdicts of guilty for second-degree murder, aggravated battery, aggravated assault with a firearm, and shooting within an occupied dwelling. The jury could not reach a decision on the armed burglary count so the trial court declared a mistrial. The following took place at the sentencing hearing.
THE COURT [Judge Dakan]:....
In case 89-1714, the charge of armed burglary, Count One, the jury had found Mr. Watson not guilty. I don’t think I’d officially pronounced [sic] him not guilty, but the Court adjudicates him not guilty of the charge based on the verdict of the jury-
MR. FUTCH [prosecutor]: Your Hon- or, the State would request that the case number 88-1714CF [sic], Count One of the Information in which there was a mistrial of—
THE COURT: Armed burglary.
MR. FUTCH: —armed burglary, the State would ask that that case be set for trial within ninety days from the date of mistrial, which was December the 8th.
THE COURT: All right.
Miss Clerk, make a note for the division judge, please.
THE CLERK: So you want to adjudicate him not guilty on that count?
THE COURT: But it’s on a mistrial. They can file for prosecution again, if they want to. I think I’m required to adjudicate him not guilty based on this.
The clerk’s minutes indicate that Watson was adjudicated not guilty of armed burglary, and the trial court entered a written judgment adjudicating Watson not guilty of armed burglary.
The state did not file another information but did reschedule a trial on the armed burglary charge. Watson entered a plea of nolo contendere. Watson appealed his sentence but did not raise jeopardy in his initial appeal. This court remanded the case for resentencing. Watson v. State, 591 So.2d 951 (Fla. 2d DCA 1991). Watson then raised the jeopardy argument at his resentencing. The trial court, however, found that the previous trial judge made a semantic error and that jeopardy did not preclude a conviction on the armed burglary charge. The trial court sentenced Watson on all offenses, including the armed burglary. Watson now appeals his conviction for armed burglary based on jeopardy grounds.
A defendant does not waive an argument based on jeopardy, even if he has pled guilty. State v. Johnson, 483 So.2d 420 (Fla.1986); Arnold v. State, 578 So.2d 515 (Fla. 4th DCA 1991). We, therefore, conclude that the court’s oral pronouncement, the clerk’s minutes, and the written judgment served to adjudicate Watson not guilty of the armed burglary.
The state argues that a judgment must conform to a jury’s verdict. This is the law; however, it is inapplicable because there was no jury verdict in the instant case.
We have found no case law directly on point where a trial court has made a procedural error such as this which had an unintended effect. A somewhat analogous case, however, is People v. Meeker, 661 P.2d 1193 (Colo.App.1982), where the trial court orally granted a motion for judgment of acquittal with the understanding that it would allow the state to reopen its case and *514 recall its expert to supply the unproven element in the state’s prima facie case. The Meeker court held that the court’s oral statement granting the motion for judgment of acquittal was a final judgment and that any proceeding thereafter was in violation of the prohibition against double jeopardy. This case is similar in that the court made a procedural error in granting the motion when the court intended to allow the prosecution to reopen the case. Likewise, in the instant case, the trial judge adjudicated Watson not guilty even though he intended to allow the state to retry Watson on those charges. See also Watson v. State, 410 So.2d 207 (Fla. 1st DCA 1982) (jeopardy attaches once defendant obtains an acquittal even if the acquittal is erroneously obtained).
We emphasize that this case is not a situation where the trial judge made a misstatement and thereafter corrected it prior to the entry of a written judgment of not guilty. Here the court clerk brought to the attention of the trial judge that the judge had ordered the clerk to enter a judgment of not guilty of armed burglary. The assistant state attorney did not question that pronouncement.[1] Thereafter the court minutes reflect an entry of not guilty of the charge, followed by the judge’s written judgment adjudicating Watson not guilty of armed burglary. Faced with that error, we cannot unring the bell that adjudged Watson not guilty of armed burglary.
Reversed and remanded with directions to discharge Watson as to the crime of armed burglary and for resentencing on the other four counts.[2]
LEHAN, C.J., and PATTERSON, J., concur.

. In the situation where the state recognizes the error of adjudicating a defendant not guilty after a mistrial, the state should object. If the trial court overrules the objection, the state could file a petition for writ of certiorari in this court.

. When sentencing Watson on the other four counts, the trial court used a scoresheet which included points for the armed burglary as an additional offense at conviction. The state on remand must prepare a new scoresheet which does not assign points for the armed burglary.