PETERSON, Judge.
The State of Florida appeals the dismissal of an information charging Thomas Daniel Engel with drivers license fraud in violation of section 322.212(5), Florida Statutes, a third degree felony. We reverse and remand to the circuit court for further proceedings.
On September 13, 1993, Engel was issued a Florida uniform traffic citation charging him with the felony described above. The citation indicated that the offense was a violation of a state statute and that it was also a criminal violation requiring a court appearance, as opposed to a traffic infraction which might, or might not, require a court appearance. Engel was transported to the county *547 jail where he was initially denied bond for pretrial release.
A record of Engel’s first appearance the next day indicated that he was to “appear before the Circuit Court on demand,” rather than the county or traffic court. The report also indicated that there was probable cause to believe Engel had committed the crime charged in the complaint, information or indictment. On September 24, 1993, he was released pending trial upon posting a bond of $2500.
On November 16, 1993, the state filed the information which was ultimately dismissed. The body of the information, which essentially tracked the language of section 322.212(5), stated that
on or about September 15,1993, Engel did in violation of Florida Statute 322.212(5) knowingly use a false or fictitious name in an application for a driver’s license or knowingly make a false statement or knowingly conceal a material fact or otherwise commit a fraud in any such application and in furtherance thereof [he] presented a driver’s license with the name of Steven Clayton Partin thereon.
The heading of the information listed the alleged crime followed by the notation “(F3),” indicating that the crime being charged was a felony of the third degree.[1]
Although the record of the first appearance indicated that Engel was to appear in the circuit court, and although the information formally filed two months later charged appellant with a felony violation of section 322.212(5), Engel’s counsel filed a notice of appearance and a notice of intent to participate in discovery in county court. Engel asserts that, in response to his counsel’s actions in the county court, the state offered to allow Engel to appear before that court’s clerk, to enter a plea of no contest, to have adjudication of guilt withheld, and to pay fines and costs.
On March 15, 1994, Engel signed a form indicating that he was electing under section 318.14(10)(a), Florida Statutes (1993) to have adjudication withheld by the clerk of the county court. The form also indicated that Engel was “entering a plea of nolo contende-re and providing proof of compliance to the clerk; consisting of a valid renewed or reinstated driver’s license or registration certificate”. The record reflects a clerk’s receipt indicating that Engel paid $141.25 for a fine and various costs.
Two days later, Engel filed a motion in circuit court to dismiss the information filed against him. In that motion Engel argued he would be twice placed in jeopardy if he were prosecuted for the felony because, on the date giving rise to the charge contained in the information, he also received a uniform traffic citation which charged the very same conduct and which was filed and disposed of in the county court. Engel further asserted in his motion that Bartee v. State, 401 So.2d 890 (Fla. 5th DCA 1981), supported his position that he cannot be placed in jeopardy of conviction or punishment for the charge in the information because under the single set of facts alleged— unlawful use of a false name in an application for a driver’s license — he cannot be subject to both misdemeanor and felony penalties.
The trial court entered its order granting the motion to dismiss the felony charge on the basis of double jeopardy. In so doing the court concluded:
Dismissal of the felony charge must be granted since the defendant has been put in jeopardy on the misdemeanor charge and paid his penalty as required and requested by the state after plea discussion. The result in this case is governed by the case of Bartee v. State, 401 So.2d 890 (Fla. 5th DCA 1981).
We disagree with the trial court’s conclusion because any attempted disposition of the *548 matter in county court was void. Section 318.14(10)(a), Florida Statutes (1993) provides for a means of having certain offenses treated as withheld adjudications upon an election to “enter a plea of nolo contendere and provide proof of compliance to the clerk of the court or authorized operator of a traffic violations bureau.” § 318.14(10)(a). This subsection states that it:
applies to the following offenses:
1. Operating a motor vehicle without a valid driver’s license, in violation of the provisions of s. 322.03, s. 322.065, or s. 322.15(1), or operating a motor vehicle with a license which has been suspended for failure to appear, failure to pay civil penalty, or failure to attend the driver improvement course pursuant to s. 322.291.
2. Operating a motor vehicle without a valid registration by a person who is subject to the penalty provided in s. 320.0605(1) or s. 320.073.
3. Operating a motor vehicle in violation of s. 316.646.
The uniform traffic citation issued to Engel alleged he had violated section 322.212(5) by committing “driver license fraud.” A section 322.212(5) violation is not listed as one of the offenses for which the 318.14(10)(a) election may be used. There is no statutory authority for the clerk of the county court to accept a plea of nolo contendere for the offense Engel was charged with, a violation of section 322.212(5).
Additionally, even if Engel’s argument is accepted that he was charged with both a felony and a misdemeanor, the allegedly two crimes, because they arose out of the same set of factual circumstances, were only triable in the circuit court. See § 26.012(2), Fla.Stat. (1993) (circuit courts “shall have exclusive original jurisdiction: ... d) of all felonies and of all misdemeanors arising out of the same circumstances as the felony which is also charged”). See also Oladipupo v. State, 574 So.2d 301, 302 (Fla. 5th DCA 1991) (where appellant was charged with a misdemeanor but convicted of a felony in circuit court, conviction was void and illegal because appellant could only be convicted of the misdemeanor charged and, “the circuit court did not have jurisdiction over the second degree misdemeanor because it did not arise out of the same circumstances as the felony which was also charged.”). The county court did not have jurisdiction over the matter because the misdemeanor, if in fact a misdemeanor was ever charged, had to be tried with the felony charged in the information.
The clerk of the county court was acting ultra vires in attempting to dispose of the case pursuant to section 318.14(10)(a). Moreover, the county or traffic court did not even have jurisdiction to decide the matter. An information charging the felony was filed based on the incident reported in the initial traffic citation. The information charging the felony placed jurisdiction of the matter in the circuit court. The subsequent attempt to have the matter disposed of in county court was a nullity.
REVERSED and REMANDED TO THE CIRCUIT COURT.
HARRIS, C.J., and GRIFFIN, J., concur.

. Section 322.212(6), provides that a violation of subsection 322.212(5) is a third degree felony unless the violation consists of the giving of a false age in an application for a driver’s license or identification card, in which case the offense is a second degree misdemeanor. None of the facts in the instant case suggest Engel, age 49 at the time of his arrest, was under the impression he was being charged with this misdemeanor contained within section 322.212(5). If Engel did, nonetheless, have doubt as to this matter, his proper remedy was to file a motion for a statement of particulars. Fla.R.Crim.P. 3.140(n).