675 So.2d 1028 (1996)
FCCI MUTUAL INSURANCE COMPANY, Appellant,
v.
CAYCE'S EXCAVATION, INC. and Russell Riker, Appellees.
No. 94-3717.
District Court of Appeal of Florida, First District.
June 27, 1996.
*1029 Helene S. Morris and Paul A. Herman of Miller, Kagan, Rodriguez & Silver, P.A., West Palm Beach, for Appellant.
Jay M. Levy, Eric Bredemeyer, and Howard Pelzner, Miami, for Appellees.
DAVIS, Judge.
Russell Riker, the claimant in this workers' compensation appeal, was employed by Cayce's Excavation, Inc., in Marathon, Florida. On February 6, 1992, he injured his hand while working on a barge in a canal that fed into the Gulf of Mexico. The employer immediately provided medical treatment and other benefits to Riker. However, when the employer filed a claim for reimbursement with FCCI Mutual Insurance Company, FCCI filed a notice of denial claiming the accident occurred on a navigable waterway and was therefore covered under the federal Longshore and Harbor Workers' Compensation Act (LHWCA). The employer does not carry that insurance. Because we hold that the judge of compensation claims erred in concluding that subject matter jurisdiction could be conferred by operation of principles of estoppel, we reverse.
At the hearing at which Riker's claim for benefits was ultimately heard, FCCI's defense was that the judge lacked jurisdiction over the claim because it fell under the aegis of the LHWCA. By operation of section 440.09(2), Florida Statutes (1991),[1] a judge of compensation claims does not have subject matter jurisdiction of a dispute that is covered by the Longshore and Harbor Workers' Compensation Act. Hernandez v. Mike Cruz Machine Shop, 389 So.2d 1251 (Fla. 1st DCA 1980). In the order under review, the judge found that certain representations made by FCCI and reasonably relied on by the employer led the employer to believe that at all times pertinent to the claim, it had the appropriate coverage. The judge went on to rule that she could exercise jurisdiction over the cause "by the operation of coverage by estoppel," which would preclude the raising of a lack of jurisdiction defense to prevent a substantial injustice. In so ruling, the judge expressly declined to make any findings on the issue of whether the facts of this case satisfied the "situs and status" elements of the LHWCA.
It is well settled that subject matter jurisdiction cannot be conferred by estoppel. Insurance Corporation of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982). Indeed, neither consent, acquiescence, nor waiver can confer jurisdiction of the subject matter, which is not within the power of the court to adjudicate. Ringling Brothers-Barnum & Bailey Combined Shows, Inc. v. State, 295 So.2d 314 (Fla. 1st DCA), cert. denied mem., 303 So.2d 644 (Fla. 1974); see also, Evans v. State, 647 So.2d 180 (Fla. 1st DCA 1994)("defendant cannot confer jurisdiction on court by waiver, acquiescence, estoppel, or consent, since jurisdiction is established solely by general law"); RHPC, Inc. v. Department of Health and Rehabilitative Services, 509 So.2d 1267 (Fla. 1st DCA 1987) ("estoppel does not operate to confer authority or power").
While section 440.04, Florida Statutes (1991), does allow for waiver of chapter 440 exclusions and exemptions when coverage specifically has been secured for work contemplated by the act, section 440.09(2) works to expressly exclude coverage when the nature of the work is covered by the LHWCA. Thus, in this case, there is no legal basis for the judge's ruling that "[a]n employee not covered by the Florida [Workers' Compensation] Act can become covered by proving the elements of estoppel."
Consequently, we reverse the judge's order. Because the judge did not make any *1030 findings on the issue of whether Riker's exclusive remedy is under the LHWCA, we remand this case for further proceedings. Our holding today obviates the need to address FCCI's other points raised on appeal.
REVERSED and REMANDED.
BARFIELD, C.J., and KAHN, J., concur.
NOTES
[1] Subsection 440.09(2) specifically provides as follows:

(2) No compensation shall be payable in respect of the disability or death of any employee covered by the Federal Employer's Liability Act, the Longshoremen's and Harbor Worker's Compensation Act, or the Jones Act.