728 So.2d 1201 (1999)
STATE of Florida, Appellant,
v.
Carol J. YAROS, Appellee.
No. 98-00857.
District Court of Appeal of Florida, Second District.
March 12, 1999.
Rehearing Denied April 7, 1999.
*1202 Robert A. Butterworth, Attorney General, Tallahassee, and Erica M. Raffel, Assistant Attorney General, Tampa, for Appellant.
James Marion Moorman, Public Defender, and Richard J. Sanders, Assistant Public Defender, Bartow, for Appellee.
WHATLEY, Judge.
The State appeals the order dismissing the information charging Carol Yaros with the felony of leaving the scene of an accident with injuries in violation of section 316.021(1), Florida Statutes (1997). We reverse.
Yaros filed a motion to dismiss the information on double jeopardy grounds. She alleged that she had previously pleaded to the offense in county court, paid her fine, and completed the sanction of attending driving school. At the hearing on the motion, no satisfactory explanation was given for how Yaros had been able to plead to the felony of leaving the scene with injuries in county court. The trial court granted the motion on due process grounds because it did not believe double jeopardy would apply to an offense over which a court had no jurisdiction.
In this appeal, the State argues that because the county court does not have jurisdiction over felonies, any judgment or sentence entered by that court pertaining to a felony is void. Yaros argues that the State is estopped from filing an information against her in circuit court because she relied on the representations of two state agents when she entered her plea in county court: the police officer who issued her the citation which directed her to set a hearing in traffic court and the prosecutor who went along with the proceedings in county court.
The doctrine of estoppel does not apply to this case because "jurisdiction of the subject matter cannot be conferred by consent or failure to object...." Winn & Lovett Grocery Co. v. Luke, 156 Fla. 638, 24 So.2d 310, 312 (1946). Accord FCCI Mutual Ins. v. Cayce's Excavation, 675 So.2d 1028, 1029 (Fla. 1st DCA 1996) ("It is well settled that subject matter jurisdiction cannot be conferred by estoppel."); see also Clayton v. Willis, 489 So.2d 813, 815 (Fla. 5th DCA 1986) (misdemeanor jurisdiction cannot be conferred on circuit court by waiver or consent); State v. Coble, 704 So.2d 197 (Fla. 4th DCA 1998) (once felony charge resolved, circuit court no longer had jurisdiction over misdemeanor even though it arose out of same circumstances as felony). Thus, the State's silence at the county court proceedings did not and could not operate to confer jurisdiction on the county court to adjudicate the felony charge against Yaros. Furthermore, it appears that Yaros was not unaware that the charge against her was a felony because she, through the same attorney who represented her in county court, filed a document entitled "Notice of Appearance, Waiver of Arraignment, Entry of Plea, and Request for Jury Trial" in the circuit court thirteen days before appearing in county court.
"When a court lacks subject matter jurisdiction it has no power to decide the case and any judgment entered is absolutely null and void, can be set aside and stricken from the record on motion at any time and may be collaterally attacked." Young v. State, 439 So.2d 306, 308 (Fla. 5th DCA 1983).
Accordingly, we reverse the order of dismissal and remand with directions that the information be reinstated.
Reversed and remanded.
PATTERSON, A.C.J., and BLUE, J., Concur.