763 So.2d 1094 (1999)
Daniel JANOS, Petitioner,
v.
STATE of Florida, Respondent.
No. 99-835.
District Court of Appeal of Florida, Fourth District.
December 15, 1999.
*1095 John J. Anastasio, Port St. Lucie, for petitioner.
Robert A. Butterworth, Attorney General, Tallahassee, and Rochelle L. Kirdy, Assistant Attorney General, West Palm Beach, for respondent.

ON MOTION FOR REHEARING
TAYLOR, J.
We grant petitioner's motion for rehearing, withdraw our previously filed opinion, Janos v. State, 24 Fla. L. Weekly D1709 (Fla. 4th DCA July 21, 1999), and substitute the following.
Petitioner Daniel Janos seeks a writ of prohibition to prevent his trial on a charge of felony driving with a suspended license (DWLS). He contends that double jeopardy precludes his prosecution for felony DWLS because he pled nolo contendere to the underlying DWLS charge through the circuit court clerk, pursuant to administrative options under section 318.14(1), Florida Statutes (1997). We agree and grant the petition for a writ of prohibition.
On September 25, 1997, petitioner was stopped and cited for driving while his license was suspended (DWLS). He was later charged by information with felony DWLS because of two prior DWLS convictions. See § 322.34(2)(c), Fla. Stat. (1997). At the time petitioner was cited for DWLS, the sole reason his license was suspended was that he had failed to pay two traffic tickets on time. To resolve the matter, petitioner followed the procedures outlined in section 318.14(10)(a), Florida Statutes. He paid the outstanding tickets, got his license reinstated, presented proof of compliance to the clerk of circuit court, and tendered a nolo contendere plea to the DWLS charge. The clerk accepted his paperwork and his plea, imposed $170 court costs, and withheld adjudication of guilt.
When petitioner appeared in circuit court and asked to have his DWLS charge dismissed because of his plea disposition before the clerk, the state objected and argued that section 318.14(10)(a) did not apply to him. The state contended that petitioner could not utilize this administrative procedure to dispose of a felony DWLS charge. The trial court agreed and denied petitioner's motion to dismiss. To prevent further prosecution on the DWLS charge, petitioner filed for a writ of prohibition.
Petitioner argues that he was eligible to use section 318.14(10)(a) to resolve his DWLS charge since his suspension was for failure to pay a fine. Sections 318.14(10)(a) and (b), Florida Statutes, provide in part as follows:
(10)(a) Any person cited for an offense listed under this subsection may, in lieu of payment of fine or court appearance, elect to enter a plea of nolo contendere and provide proof of compliance to the clerk of the court or authorized operator of a traffic violations bureau. In such case, adjudication shall be withheld; however, no election shall be made under this subsection if such person has made an election under this subsection in the 12 months preceding election hereunder. No person may make more than three elections under this subsection. This subsection applies to the following offenses:
1. Operating a motor vehicle without a valid driver's license in violation of the provisions of s. 322.03, s. 322.065, or s. 322.15(1), or operating a motor vehicle with a license which has been suspended for failure to appear, failure to pay civil penalty, or failure to attend a driver improvement course pursuant to s. 322.291.
2. Operating a motor vehicle without a valid registration in violation of s. 320.0605 or s. 320.07, or s. 320.131.
3. Operating a motor vehicle in violation of s. 316.646.
(b) Any person cited for an offense listed in this subsection shall present proof of compliance prior to the scheduled court appearance date. For the purposes *1096 of this subsection, proof of compliance shall consist of a valid, renewed, or reinstated driver's license or registration certificate and proper proof of maintenance of security as required by s. 316.646....
(emphasis added).
The sole reason for petitioner's license being suspended at the time of his arrest was that petitioner had failed to pay two civil traffic infractions and the reinstatement fee to the Department of Highway Safety and Motor Vehicles. Thus, petitioner argues, his conduct falls squarely within the purview of the statute. The state disagrees, arguing that because petitioner is charged with felony DWLS under section 322.34(2)(c), he does not qualify for the administrative disposition provided by section 318.14(10). Citing State v. Engel, 656 So.2d 546 (Fla. 5th DCA 1995), the state contends that the clerk lacked jurisdiction to dispose of the felony charge because it is not one of the offenses authorized for a section 318.14(10) administrative election. Engel, however, is distinguishable in that the defendant in that case tried to use the procedure to dispose of a driver's license fraud violation. Engel was arrested and charged with driver's license fraud, a third degree felony under section 322.212(5), Florida Statutes. He entered a plea before the clerk of county court on a related misdemeanor charge of license fraud, utilizing the section 318.14(10)(a) procedure. After he pled and paid a fine and court costs, he sought dismissal of the pending felony driver's license fraud charge. The fifth district held that the clerk of county court lacked statutory authority to accept a plea to the misdemeanor charge because a driver's license fraud violation is not listed as one of the offenses for which the § 318.14(10)(a) election may be used.
The statute, however, expressly authorizes the procedure for DWLS offenses. By its plain language, it applies to "any person cited for ... operating a motor vehicle with a license which has been suspended for failure to ... pay a civil penalty...." (emphasis supplied). It does not restrict its use to non-felony DWLS offenses. Rather, the statute defines eligibility based on the reasons for the suspension (failure to pay a civil fine) rather than on the potential sanction for the offense. It does not distinguish between persons who qualify for misdemeanor penalties and those who meet the criteria for felony sanctions. The statute, as worded, covers all DWLS charges falling within section 318.14(10) and does not provide any exceptions. Where the language of a statute is plain and unambiguous, we must construe the statute "to give effect to the plain meaning of its words." Hott Interiors, Inc. v. Fostock, 721 So.2d 1236, 1238 (Fla. 4th DCA 1998)(quoting Palm Beach County Health Care Dist. v. Everglades Mem'l Hosp., 658 So.2d 577, 580 (Fla. 4th DCA 1995), rev. denied, 701 So.2d 867 (Fla. 1997)). We may not go beyond its clear wording and plain meaning to expand or limit its reach. To do so would be to modify the express terms of the statute and, thereby, usurp legislative power. Id.
In carving out this special section, the legislature provided courts with an alternative for handling license suspensions falling within this less culpable category. Section 318.14(10) does not apply to persons whose licenses were suspended for other reasons, such as DUI or drug possession convictions.[1] It is designed solely for someone, like petitioner, who, after getting cited for DWLS, takes steps to clear up the matter by paying the outstanding ticket and any additional penalties, fees and costs. As we stated in State v. Keirn, 720 So.2d 1085, 1088 (Fla. 4th DCA), rev. granted, 718 So.2d 168 (Fla. 1998), "by enacting this section [§ 318.14(10)], the legislature recognized *1097 that leniency was appropriate for certain types of license suspensions" and, thus, provided for adjudication to be withheld.
In Keirn, we also ruled that every disposition of a DWLS charge outside section 318.14(10) amounts to a "conviction" and can lead to the enhanced penalties under section 322.34(2). This is so even if the presiding judge withheld adjudication on the DWLS charge after a plea or verdict. Id. at 1090. See also Raulerson v. State, 699 So.2d 339 (Fla. 5th DCA 1997). Given these consequences of a DWLS disposition outside section 318.14(10), it becomes even more compelling to strictly construe section 318.14(10) to permit any driver whose license was suspended solely for nonpayment of a fine to use this administrative election procedure and avoid a conviction. The legislature declared that section 322.34(2) felony treatment of third-time DWLS violators was designed for persons who "have demonstrated their indifference for the safety and welfare of others." Keirn, 720 So.2d at 1088. A DWLS for nonpayment of a fine does not necessarily evince "indifference for the safety and welfare of others." Rather, it may reflect mere negligent inattention to business and legal affairs or other careless conduct not commonly associated with the commission of a felony.
The state makes a persuasive argument under Engel that the clerk lacked jurisdiction to accept petitioner's plea to the DWLS charge, because the misdemeanor charge arose out of the same circumstances as the felony DWLS, over which the circuit court acquired jurisdiction. Under most circumstances, this would be correct. See Engel, 656 So.2d at 548 (holding that circuit court has exclusive jurisdiction over all felonies and misdemeanors arising out of the same circumstances as the felony); § 26.012(2), Fla. Stat. (1993). However, section 318.14(10)(a) specifically confers authority upon the clerk of court to follow this procedure for anyone whose license was suspended for failing to pay a fine. Thus, entitlement to this election should not depend upon whether and when the state decides to file a felony DWLS charge against someone who meets the statutory criteria.
Since the statute does not specifically restrict the administrative election to nonfelony traffic offenses, we conclude that petitioner's no contest plea to DWLS and payment of court costs to the clerk of circuit court, pursuant to section 318.14(10), Florida Statutes, properly disposed of the charge.
We need next decide whether the petitioner's plea of no contest to the misdemeanor DWLS bars later prosecution for felony DWLS under double jeopardy principles. In United States v. Dixon, 509 U.S. 688, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993), the Supreme Court held that the Blockburger test controls in determining whether there is a double jeopardy bar to additional punishment and successive prosecution. Section 775.021(4), Florida Statutes (1988) codifies the Blockburger test, or "same-elements test," which the legislature adopted to permit a defendant to be convicted and sentenced for separate offenses committed during the course of a single criminal episode. The statute provides that if offenses are separate or different, they will not violate double jeopardy. Offenses are separate if each requires proof of an element that the other does not. Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932); State v. Maxwell, 682 So.2d 83 (Fla.1996). Conversely, if each offense does not require proof of an element that the other does not, then the offenses are not separate and distinct crimes, and double jeopardy will bar later prosecution.
In this case, the petitioner entered a no contest plea to DWLS and was sentenced under a special procedure provided by statute. At the same time, petitioner was charged with felony DWLS for the same offense. Blockburger requires us to compare the two offenses in deciding if they meet the "same elements" test. Although felony DWLS requires proof of an *1098 element that misdemeanor DWLS does not, i.e., the existence of two or more prior DWLS convictions, misdemeanor DLWS does not require proof of an element that felony DWLS does not. See § 322.34(2)(c). In other words, there is nothing in a simple DWLS charge that does not appear in the felony charge. Thus, under the Blockburger test and section 775.021(4)(a), these offenses are not separate and distinct offenses, and prosecution for both offenses is therefore barred by double jeopardy.
The Blockburger test also examines whether one offense is a lesser included offense of the other. Consistent with Blockburger, section 775.021(4)(b)3 contains an exception for lesser included offenses, which it defines as "offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense." By this definition, only necessarily included offenses implicate double jeopardy principles. See State v. McCloud, 577 So.2d 939, 941 (Fla.1991)("[a]n offense is a lesser-included offense for purposes of section 775.021(4) only if the greater offense necessarily includes the lesser offense."). See also State v. Baker, 456 So.2d 419 (Fla.1984). Because all the essential elements of misdemeanor DWLS are included within the elements of felony DWLS, DWLS qualifies as a lesser included offense under section 775.021(4). Thus, double jeopardy prevents prosecution of petitioner for the greater DWLS offense after he has entered a plea to the lesser DWLS charge. See Vinson v. State, 345 So.2d 711, 716 (Fla.1977).
The state argues that State v. Woodruff, 676 So.2d 975 (Fla.1996) supports its position that petitioner's felony DWLS charge should not be dismissed on double jeopardy grounds. Though closely analogous, Woodruff is distinguishable in that it involved a speedy trial dismissal of lesser charges instead of a plea disposition. In Woodruff, the defendant was charged with felony driving under the influence (DUI) because, in addition to his current DUI offenses, he had two prior DUI convictions. He was charged under section 316.193, which has a statutory scheme similar to section 322.34 (DWLS), whereby the offense is graded in degrees by the number of prior violations. Initially brought in county court as misdemeanors, the DUI offenses were discharged for a speedy trial violation. The state then filed an information in circuit court for felony DUI. Woodruff argued that since the misdemeanor DUIs were discharged in county court, double jeopardy precluded the state from pursuing the felony charge, which stemmed from those discharged offenses. The circuit court denied his motion to dismiss on double jeopardy grounds.
The state relies on Woodruff in arguing that the circuit court properly denied dismissal on double jeopardy grounds. The state contends that the supreme court's ruling that felony DUI is a "completely separate offense" from misdemeanor DUI is controlling upon the issue of double jeopardy. However, the supreme court's "separate offense" analysis was done in the context of applying principles of estoppel rather than double jeopardy. The court held that double jeopardy did not apply to the facts in Woodruff because jeopardy never attached. Jeopardy did not attach because the misdemeanor DUI charges, which formed the basis of the felony charge, were discharged under the speedy trial rule. A speedy trial discharge "will not operate to support a plea of double jeopardy because the defendant has not actually been put in jeopardy." Id. at 976 (citing Rawlins v. Kelley, 322 So.2d 10, 12-13 (Fla.1975)(for double jeopardy to attach, a jury must have been impaneled and sworn in by the court, or, in a nonjury proceeding, the court must have begun hearing evidence)).
The supreme court went on to explain that the speedy trial discharge of the misdemeanor counts would operate as an estoppel *1099 against prosecution of those same offenses in circuit court. Estoppel, however, would not preclude prosecution of the felony DUI offense. This is so because the speedy trial rule does not bar prosecution of greater degree crimes which might have been charged as a result of the same conduct or criminal episode. See Fla. R.Crim. P. 3.191(n); Spurlock v. Cycmanick, 584 So.2d 1015 (Fla. 5th DCA 1991), approved in Woodruff, 676 So.2d at 978.
The court further pointed out that, under the peculiar facts and applicable statute in Woodruff, discharge of the misdemeanor DUI offenses would make it "impossible" for the state to obtain a conviction on the felony DUI charge, because the state would have to prove a misdemeanor DUI conviction on the present charge and proof of three or more prior misdemeanor DUI convictions. Woodruff, 676 So.2d at 978. Based on Woodruff, the state could not succeed in prosecuting the felony DWLS charge in this case, because the state would be unable to prove a misdemeanor DWLS conviction for the present offense. The petitioner did not receive a conviction on the DWLS as a result of his plea. Pursuant to the terms of section 318.14(10)(a), adjudication was withheld.
In sum, we find that the clerk of court was statutorily authorized to accept the petitioner's plea of no contest to DWLS and resolve it without a conviction, notwithstanding the fact that a felony DWLS charge for his conduct was filed in circuit court. The plea disposition of the misdemeanor DWLS bars later prosecution for felony DWLS under double jeopardy principles. Prohibition is the appropriate remedy when the accused is placed in double jeopardy. Strawn v. State, 332 So.2d 601 (Fla.1976); In the Interest of A.P., 636 So.2d 790 (Fla. 4th DCA 1994); Walker v. Cocalis, 434 So.2d 352 (Fla. 4th DCA 1983).
Accordingly, we grant the petition for prohibition.
GUNTHER and KLEIN, JJ., concur.
NOTES
[1] Additionally, persons who have exceeded their limit by electing this procedure once during a 12-month period or three times in a lifetime cannot dispose of a DWLS charge by using this section.