816 So.2d 781 (2002)
Richard McMANAMA, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-5060.
District Court of Appeal of Florida, Second District.
May 10, 2002.
James Marion Moorman, Public Defender, and Carol J.Y. Wilson, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Susan D. Dunlevy, Assistant Attorney General, Tampa, for Appellee.
SALCINES, Judge.
Richard McManama appeals his felony conviction for driving while license suspended (DWLS) which was entered pursuant to a no contest plea with reservation following the denial of his dispositive motion to dismiss. He correctly maintains that the felony conviction violated his protections against double jeopardy. Thus, we reverse Mr. McManama's felony conviction for DWLS.
On February 10, 2000, Mr. McManama was issued a uniform traffic citation as a result of driving despite knowing that his license was suspended. Mr. McManama was immediately taken to jail. The next day, at his first appearance, the county court offered Mr. McManama a plea.[1] Mr. McManama accepted the offer made by the county court, entered a guilty plea, was adjudicated guilty for DWLS, and was sentenced to five days' incarceration. The county court apparently regarded that adjudication of guilt to be for a misdemeanor DWLS.[2] At no point during the first appearance did the State object to the plea offer, which could only have been made by the county court in regard to a misdemeanor violation. Further, the State did *782 not inform the court that it intended to proceed against Mr. McManama on a felony DWLS violation rather than a misdemeanor violation.
Five days after that first appearance, the State filed a motion with the county court to set aside the plea and to vacate Mr. McManama's sentence. The State argued that Mr. McManama had actually entered a plea not to a misdemeanor charge, but rather to a felony charge over which the county court lacked subject matter jurisdiction and that the adjudication entered thereon was thus void. The county court denied the motion. The State did not appeal the denial of that motion.
Several weeks after the denial of its motion to set aside the plea and to vacate Mr. McManama's five-day sentence, the State filed an information in the circuit court charging Mr. McManama with a felony DWLS arising out of the same traffic violation. Mr. McManama filed a motion to dismiss which proceeded to a hearing before the circuit court. At the hearing on that motion, the circuit court was persuaded by the State's argument that the adjudication entered by the county court had been void and, as such, the State could proceed on the felony charge based on this court's opinion in State v. Yaros, 728 So.2d 1201 (Fla. 2d DCA 1999). The circuit court denied Mr. McManama's motion to dismiss and he pleaded no contest to the felony charge which is the subject of this appeal. Mr. McManama reserved the right to appeal the issue concerning whether double jeopardy precluded his conviction for the felony DWLS arising out of the same traffic violation for which he had already been adjudicated guilty on a misdemeanor DWLS.
On appeal, the State asserts that the uniform traffic citation and accompanying affidavit adequately charged a felony DWLS violation. Those charging documents clearly set forth a misdemeanor DWLS violation and suggested a felony DWLS violation. However, at the first appearance the State had the opportunity to exercise its discretion in determining whether to accept Mr. McManama's plea to a misdemeanor DWLS or to decline the plea and insist on proceeding on a felony DWLS pursuant to a properly charged felony information. The State allowed the county court to accept Mr. McManama's plea and to adjudicate and sentence Mr. McManama to the misdemeanor level offense. The county court confirmed that it had not exceeded its jurisdiction by denying the State's motion to set aside, and the State did not seek review of that denial. Thus, the law of the case and res judicata bar the State's claim that Mr. McManama actually pleaded to a felony DWLS in county court.
The statutory scheme for a knowing DWLS violation provides that the resulting offense can be classified either as a misdemeanor or as a felony. § 322.34(2)(a)(c), Fla. Stat. (2000). The classification enhancement is dependent upon proof of prior convictions sufficient to satisfy the requisite elements of that offense.[3] In the Yaros case which was relied upon by the State in its argument to the circuit court, the defendant was convicted in county court for the felony of leaving the scene of an accident with injuries. Yaros, 728 So.2d at 1201. The offense considered in Yaros, which was based upon section *783 316.027(1)(a), Florida Statutes (1997),[4] could only be classified as a felony. Unlike the situation in the present case, in Yaros the county court had clearly exceeded its jurisdiction by accepting a plea to a felony offense and entering an adjudication thereon. In the present case, the county court had jurisdiction to adjudicate a misdemeanor DWLS charge. Mr. McManama's county court adjudication of guilt for misdemeanor DWLS was not void. Thus, the adjudication had to be considered in determining whether Mr. McManama was placed twice in jeopardy.
We are persuaded that the subsequent felony conviction violated Mr. McManama's protections against double jeopardy. In Janos v. State, 763 So.2d 1094 (Fla. 4th DCA 1999), the Fourth District considered the propriety of a subsequent felony DWLS conviction where the defendant had entered a no contest plea to misdemeanor DWLS employing alternative statutory provisions which allow individuals, under specific circumstances, to resolve DWLS charges through the clerk of the circuit court. Mr. McManama did not seek that recourse in the present case. Nonetheless, the Fourth District's analysis in Janos is critical in the present case because the court also addressed whether Janos's "plea of no contest to the misdemeanor DWLS bar[red] later prosecution for felony DWLS under double jeopardy principles." Id. at 1097. The appellate court determined that double jeopardy indeed barred the later prosecution once jeopardy had attached not only because there were no elements in a simple DWLS charge that did not appear in the felony charge, but also because misdemeanor DWLS was a lesser included offense of felony DWLS. Janos, 763 So.2d at 1098.
We agree with the Fourth District's analysis and find that since jeopardy had attached to Mr. McManama as a result of his plea to the misdemeanor DWLS and adjudication of guilt thereon, the subsequent conviction for felony DWLS was improper as a violation of his protections against double jeopardy. Accordingly, Mr. McManama's felony conviction for DWLS must be vacated.
Reversed and remanded for further proceedings consistent herewith.
ALTENBERND and STRINGER, JJ., concur.
NOTES
[1] Florida Rule of Criminal Procedure 3.170 provides that a defendant may plead guilty to a misdemeanor charge at first appearance. Rule 3.170 further provides that, upon such a plea, the judge may enter judgment and sentence.
[2] The record before this court does not contain any document purporting to be Mr. McManama's county court adjudication of guilt for misdemeanor DWLS. During the first appearance hearing, the level of the offense was not mentioned. Neither party to this appeal has taken the position that the county court entered a written adjudication specifically classifying Mr. McManama's violation as a felony DWLS. The county court's offer to allow Mr. McManama to enter a guilty plea at the first appearance, as well as the sentence imposed by the county court, were consistent only with a misdemeanor adjudication which was the only level of the offense for which the county court had jurisdiction.
[3] As a practical matter, even if not barred by double jeopardy, it appears that the felony conviction might have run afoul of other requirements as set forth in Huss v. State, 771 So.2d 591 (Fla. 1st DCA 2000). See also Garrett v. State, 803 So.2d 801 (Fla. 2d DCA 2001).
[4] The text of the Yaros opinion contains a misprint which resulted in a reference to section 316.021(1), Florida Statutes (1997), rather than section 316.027(1)(a), Florida Statutes (1997). Yaros, 728 So.2d at 1201.