987 So.2d 1235 (2008)
Clarence FISHER, Petitioner,
v.
STATE of Florida, Respondent.
No. 2D07-5379.
District Court of Appeal of Florida, Second District.
August 8, 2008.
*1236 James Marion Moorman, Public Defender, and Allyn M. Giambalvo, Assistant Public Defender, Bartow, for Petitioner.
Bill McCollum, Attorney General, Tallahassee, and Danilo Cruz-Carino, Assistant Attorney General, Tampa, for Respondent.
FULMER, Judge.
Clarence Fisher filed a petition for writ of habeas corpus in this court seeking to prohibit his prosecution for robbery on the ground that jeopardy attached once the trial court adjudicated him guilty of the lesser offense of robbery by sudden snatching in accordance with a plea agreement. By prior order, we treated the petition as a petition for writ of prohibition. We agree that Fisher's prosecution for robbery violates double jeopardy protections. We therefore grant the petition and quash the trial court's order allowing the State to withdraw from the plea agreement.
Fisher was charged by information with robbery, a second-degree felony. The State filed a notice of intent to seek a Prison Releasee Reoffender (PRR) sentence. The State and Fisher then entered into a plea agreement wherein Fisher would plead guilty to robbery by sudden snatching, a third-degree felony, in exchange for a five-year prison term as a PRR. The trial court accepted the parties' plea agreement and adjudicated Fisher guilty of robbery by sudden snatching.
Shortly thereafter, the prosecutor realized that robbery by sudden snatching does not qualify for PRR sentencing and that Fisher's bargained-for sentence is illegal. See, e.g., Cohen v. State, 920 So.2d 682, 682 (Fla. 2d DCA 2006). The State then filed a motion to withdraw from the plea agreement, which the trial court granted, thereby allowing the State to prosecute Fisher for the originally charged offense of robbery. The order granting the motion to withdraw does not set aside Fisher's adjudication of guilt on the offense of robbery by sudden snatching, and it is not clear from the appendices to the petition and the State's response thereto whether the trial court at any point set aside the adjudication. Fisher filed the present petition seeking to prohibit his prosecution for robbery.
We conclude that jeopardy attached once the trial court adjudicated Fisher guilty of robbery by sudden snatching. See McManama v. State, 816 So.2d 781, 783 (Fla. 2d DCA 2002) (holding that jeopardy attached once McManama was adjudicated guilty of misdemeanor driving while license suspended and that a subsequent felony conviction for driving while license suspended arising from the same incident violated his double jeopardy protections). Furthermore, it is immaterial that the adjudication resulted from the trial court's procedural error in accepting a plea agreement to an illegal sentence or that the State's plea offer was based on a mistake of law.
This court has instructive precedent on this issue. In Watson v. State, 608 So.2d 512, 513 (Fla. 2d DCA 1992), the jury deadlocked on the armed burglary count. The trial court declared a mistrial on that count and then orally adjudicated Watson not guilty of armed burglary. The prosecutor did not question the trial court's oral *1237 pronouncement,[1] and the trial court subsequently entered a written judgment adjudicating Watson not guilty of armed burglary. The State scheduled a retrial on the armed burglary count, and Watson pleaded to the offense. In spite of the fact that Watson's not-guilty adjudication was the product of a mistake, this court held that Watson's armed burglary conviction violated double jeopardy considerations, and we reversed the conviction and remanded with directions to the trial court to discharge Watson as to the crime of armed burglary. Id. at 513-14. We noted that "[f]aced with the [the trial court's] error, we cannot unring the bell that adjudicated Watson not guilty of armed burglary." Id. at 514. Similarly, in the present situation, because the trial court adjudicated Fisher guilty of the offense of robbery by sudden snatching, neither the trial court nor this court is empowered to invalidate that adjudication based on the State's mistake.
Because Fisher's prosecution for robbery violates double jeopardy protections, we grant the petition for prohibition and quash the order granting the State's motion to withdraw from the plea.
Petition granted.
CASANUEVA and STRINGER, JJ., Concur.
NOTES
[1] In Watson, the State's error was that it failed to act. In the present case, the State was an active participant in, if not an instigator of, the plea agreement that was premised upon a mistake of law.