# Third District Court of Appeal

## State of Florida

Opinion filed July 7, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-0332
Lower Tribunal Nos. 20-280AP, 20-3218CC

_____

**Golden Cape of Florida, Inc.**,
Appellant,

vs.

**Patricia Lynn Perez de Ospina**,
Appellee.

An appeal from the County Court for Miami-Dade County, Michael G. Barket, Judge.

Alvarez | Gonzalez | Menezes, LLP and Ignacio M. Alvarez, and Carlos F. Gonzalez, for appellant.

Joseph A. Porrello, P.A. and Joseph A. Porrello, for appellee.

Before EMAS, LINDSEY, and MILLER, JJ.

MILLER, J.

Appellant, Golden Cape of Florida, Inc., challenges a final order dismissing its complaint for eviction and ejectment against appellee, Patricia Lynn Perez de Ospina. On appeal, Golden Cape contends the county court lacked subject-matter jurisdiction to adjudicate the merits of the action. We do not quarrel with the trial court's observation that the instant suit appears to be a thinly veiled effort to circumvent a series of dissolution decrees, bypassing available avenues of juridical review. Nonetheless, because neither the Florida Constitution nor any statute confers upon the county court jurisdiction over ejectment actions, we are constrained to reverse the dismissal as to count two of the complaint.[1]

## BACKGROUND

The genesis of this dispute lies in contentious dissolution proceedings in the circuit court between Ms. Perez and her former husband, Diego Ospina. After Mr. Ospina and his paramour purportedly changed the locks on the doors of the marital home, identified as an unencumbered condominium unit located in Grove Isle, and removed Ms. Perez's belongings, the dissolution judge issued a temporary injunction awarding Ms. Perez exclusive use and possession and restraining Mr. Ospina from disposing of the property.

---

[1] We affirm the dismissal of the remaining counts without further discussion.

Alleging she was the two-thirds owner of Golden Cape, Paulina Ospina then sought to intervene in the case, asserting an equitable interest in the marital home. Intervention was granted, but a motion to dissolve the injunction proved fruitless. Thereafter, Golden Cape filed a multi-count complaint in the county court, seeking to acquire possession of the marital home. The complaint asserted alternative theories of eviction and ejectment against Ms. Perez, and, in stark contrast to the findings reflected within the injunction, alleged she occupied the property pursuant to an oral month-to-month tenancy, the terms of which she breached by failing to timely tender maintenance and association fees.

The action was briefly stayed to allow for further litigation in the dissolution case. The dissolution court eventually entered a final judgment, finding Mr. Ospina held an ownership interest in the marital home and awarding Ms. Perez exclusive use and possession "until [ninety] days after the parties' youngest child graduates from high school." Mr. Ospina was ordered to pay all homeowners association fees, maintenance, repairs, and other costs associated with the residence as part and parcel of his alimony obligation.

After the stay was lifted, Ms. Perez sought dismissal of the eviction and ejectment suit, contending the doctrines of res judicata and collateral

3

estoppel precluded further prosecution. Despite having selected the forum, Golden Cape contended the county court lacked subject matter jurisdiction over the claim for ejectment and sought to transfer the action to the circuit court.

The trial court rendered a threshold determination as to jurisdiction and subsequently dismissed the entire case with prejudice, ostensibly on the grounds raised in the motion to dismiss. The instant appeal ensued.

## ANALYSIS

Whether a court has subject matter jurisdiction involves a question of law, thus, is reviewed de novo. Nissen v. Cortez Moreno, 10 So. 3d 1110, 1111 (Fla. 3d DCA 2009) (citation omitted). "By statute, county courts exercise jurisdiction to decide actions for eviction, but circuit courts have exclusive original jurisdiction in ejectment actions." Ward v. Est. of Ward, 1 So. 3d 238, 239 (Fla. 1st DCA 2008) (citing § 26.012(2)(f), Fla. Stat. (providing for circuit courts' jurisdiction in cases involving ejectment); § 83.59(2), Fla. Stat. (providing for county courts' jurisdiction in cases involving eviction)); see Pro-Art Dental Lab, Inc. v. V-Strategic Grp., LLC, 986 So. 2d 1244, 1250 (Fla. 2008) ("Florida's county courts lack subject-matter jurisdiction to entertain ejectment actions.").

4

Here, Golden Cape sought to obtain possession of the property under alternative theories, one of which was ejectment. Although Perez properly contends Golden Cape chose to file the case in county court and the allegations set forth in the complaint are repugnant to the findings contained within both the temporary injunction and dissolution judgment, it is axiomatic that subject matter jurisdiction cannot be conferred by estoppel. See FCCI Mut. Ins. Co. v. Cayce's Excavation, Inc., 675 So. 2d 1028, 1029 (Fla. 1st DCA 1996) (citation omitted). Consequently, although keenly aware that further litigation will necessarily result in the further expenditure of valuable and limited judicial resources, we are compelled to reverse that portion of the order dismissing the claim for ejectment and remand with instructions to transfer the cause to the circuit court. See Toledo v. Escamilla, 962 So. 2d 1028, 1030 (Fla. 3d DCA 2007) (holding that "ejectment, not eviction, was the proper remedy, and the matter should have been transferred to the circuit court" when defendant in eviction action "asserted in her answer that she was not a tenant and that she had an equitable interest in the property").

Affirmed in part, reversed in part, and remanded.